### KALAEOKEKOI *vs.* KAHELE ET AL.

WHEN THE BILL shows in an action to set aside a royal patent for fraud, that defendants claim possession under patentee, to whom patent was issued on or after June 6, 1855, and alleges no possession after the last date in any other than defendants, it shows that adverse possession and title are in the defendants, and, unexplained by allegations which do not appear in the bill, is conclusive against the plaintiff and the demurrer must be allowed.

Opinion of the Court by JUDD, C. J.

This is a bill in equity setting forth, that on the 25th of March, 1854, the Board of Commissioners to Quiet Land Titles awarded to Kalaeokekoi and his heirs certain pieces of land situated in Kamakela, in Honolulu, by Award No. 6,245, part 1; that on the 6th of June, 1855, a Royal Patent No. 1,985 was issued for the said lands to Kalaeokekoi his heirs and assigns; that at some time unknown to the plaintiff, but believed by him to be on or after the said 6th of June, 1855, a royal patent was issued to a person believed by the plaintiff to be one Kalakini now deceased for the said lands, purporting to be on the same award, but which, through fraud, accident or mistake, granted these lands (which had been previously granted to Kalaeokekoi, his heirs and assigns) to Kalaeokekoi for Kalakini. The plaintiff believes that the last mentioned patent was obtained by Kalakini without right through false or mistaken representations, as Kalakini was neither an heir nor an assign of Kalaeokekoi. The plaintiff

Kalaeokekoi *v.* Kahele *et al.*

is informed that there is no record of that patent in the Interior office.

The plaintiff is entitled to this land by descent from Kalaeokekoi deceased intestate; "but that the defendants are in possession of the same, claiming through Kalakini by virtue of the said last mentioned royal patent, and refuse to surrender possession to him," etc. The bill prays that this patent may be cancelled and defendants enjoined against using it as evidence of title to these lands.

The defendants Kahele and husband demurred to the bill, on the ground that the fraud alleged is not charged in the bill against the defendants; that the bill does not allege whether or not the plaintiff has ever had possession of the premises, and as there is an allegation that defendants are in possession of the land claiming through Kalakini by virtue of the royal patent attacked in the bill, which patent was issued on or after June 6, 1855, this amounts to an allegation that defendants have been in possession since June 6, 1855, and thus the Statute of Limitations has run in favor of defendants. This laches of plaintiff in delaying to bring his bill is not excused or explained by him in the bill.

We think that the bill is demurrable. If there was a distinct allegation that the defendants have been in undisputed possession of the land for twenty-eight years, and no disability of the plaintiff is alleged or any excuse made for not filing his bill before the statute had run, it is clear, on the authority of Kapiolani *vs.* Keaweamahi, 4 Haw. Rep., that such a bill would be demurrable. We understand plaintiff's counsel to concede this, but he contends that he has not averred that defendants have been in possession of this land since the patent was issued in 1855, and that possession of the patent is not equivalent to possession of the land.

We think that, taking the plaintiff's view of his bill, it is defective in not containing a complete recital as to the possession of this land since the patent was issued, so as to apprize

the Court of all the material facts of the case. But an allegation that "defendants are in possession of the land claiming through Kalakini by virtue of the patent," in default of any averment of possession since the patent was issued, in any other person than the defendants, can well be taken to mean, that their possession has been continuous since the patent was granted. It is quite within the power of the plaintiff to make sufficient allegations if they exist so that the bill will show equities on its face.

Demurrer sustained, with leave to amend or file a new bill in twenty days.

S. B. Dole and R. F. Bickerton for plaintiff.

Cecil Brown and F. M. Hatch for defendants.

Honolulu, April 11, 1883.